UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:17-CR-00012-GNS-HBB-1
CIVIL ACTION NO. 1:20-CV-00103-GNS

DARRYL ANTHONY TAYLOR                                               MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                                         RESPONDENT/PLAINTIFF

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant's Motion for Leave (DN 44) and Movant's Objection (DN 56) to the Magistrate Judge's Findings of Fact, Conclusion of Law, and Recommendation (DN 55) regarding Movant's Motion to Vacate, Set Aside, or Correct Sentence (DN 45). For the reasons stated below, the objection is **OVERRULED**, and the motions are **DENIED**.

### I.   BACKGROUND

In 2017, Movant Darryl Anthony Taylor ("Taylor") pleaded guilty to the crimes of possession with intent to distribute marijuana, carrying a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm and ammunition, and was later sentenced to a total term of 117 months of imprisonment. (J. & Commitment Order 1-3, DN 35).

On June 11, 2020, Taylor moved to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Movant's Mot. for Leave, DN 44; Movant's Mot. Vacate, DN 45). On December 18, 2020, the Magistrate Judge entered Findings of Fact, Conclusions of Law, and Recommendation ("R&R") in which the Magistrate Judge concluded that *Rehaif* was not retroactive and recommended the denial of the motion. (R. & R. 8, 11, DN 55). In addition, the Magistrate Judge concluded that

Taylor could not collaterally attack his sentence under Section 2255 because of the waiver in Taylor's plea agreement. (R. & R. 9-10).

In his Objection, Taylor contends that the Magistrate Judge errored in concluding that *Rehaif* is not retroactive and that a Section 2255 motion is not precluded by his plea agreement. (Movant's Obj. 1-7, DN 56).

## II.     STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id*.

## III.     DISCUSSION

### A.     Movant's Objection

Taylor first asserts that the Magistrate Judge erred in concluding that his motion was time-barred. (Movant's Obj. 1-4). In relevant part, 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1)     the date on which the judgment of conviction becomes final;
> (2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In the R&R, the Magistrate Judge concluded that Taylor's motion was time-barred because *Rehaif* is not retroactive. (R. & R. 7-8).

Since, the R&R was issued, however, the Sixth Circuit has addressed whether *Rehaif* is retroactive. In *Baker v. United States*, No. 19-6025, 2021 WL 2021481 (6th Cir. May 20, 2021), the Sixth Circuit accepted the United States' concession "that *Rehaif* applies retroactively to cases on collateral review." *Id.* at *1; *see also Kelley v. United States*, No. 20-5448, 2021 U.S. App. LEXIS 3344, at *5-6 (6th Cir. Feb. 5, 2021) (per curiam) (concluding that *Rehaif* applies retroactively).

Taylor also asserts that his right to seek relief under Section 2255 was not waived by his plea agreement. (Movant's Obj. 4-6). In relevant part, Taylor's plea agreement provided:

> Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

(Plea Agreement 5, DN 21). As the Sixth Circuit has noted, "[i]t is well settled that a defendant in a criminal case may waive any right . . . by means of a plea agreement." *United States v. Smith*, 960 F.3d 883, 886 (6th Cir. 2020) (quoting *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001)). Thus, as the Magistrate Judge correctly concluded, Taylor expressed waived his right to attack his conviction under Section 2255. Accordingly, the Court will overrule Taylor's objection, and his motions will be denied.

**B.     Certification of Appealability**

In the R&R, the Magistrate Judge recommended that this Court deny a certificate of appealability as to the claims raised in the motions. Taylor does not raise any specific objection to this recommendation, and the Court will accept the Magistrate Judge's recommendation to deny the certificate of appealability, as it appears that no jurist of reason would disagree that

Taylor's plea agreement waived his right to collaterally attack his conviction. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Movant's Objection (DN 56) is **OVERRULED**.

2. the Magistrate Judge's Findings of Fact, Conclusion of Law, and Recommendation (DN 55) is **ADOPTED IN PART**.

3. Movant's Motion for Leave (DN 44) and Movant's Motion to Vacate, Set Aside, or Correct Sentence (DN 45) are **DENIED**.

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

May 28, 2021

cc: Movant, *pro se*
     counsel of record